**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Angel Ramirez, | No. CV-18-00004-PHX-DWL (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Joseph Brisbois, et al., | |
| Defendants. | |

Plaintiff Robert Angel Ramirez, who is confined in the Arizona State Prison Complex-Lewis, filed a pro se civil rights Complaint pursuant to 42 U.S.C.§ 1983 (Doc. 1), alleging inadequate medical treatment. The Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(a) and ordered Defendants Brisbois and Barkclay to answer (Doc. 7 at 9). The Court ordered Plaintiff to file proof of service no later than sixty (60) days from the filing of its screening Order (Doc. 7 at 10).

On January 4, 2019, the Court resent to the Plaintiff a service packet for Defendant Brisbois, and the Court extended the deadline for filing proof of service an additional forty-five (45) days (Doc. 27 at 2). Plaintiff sent a completed service packet to the Clerk of Court on February 19, 2019 (Doc. 35) which was forwarded to the United States Marshal Service ("USMS") on February 28, 2019. On April 26, 2019, the Process Receipt and Return was filed, noting: "Returned unexecuted—no longer w/ Corizon per Corizon Liaison." (Doc.39).

The Plaintiff noted in his service packet that he did not know the current address of Defendant Brisbois, though he provided an address "from the internet." (Doc. 35 at 1). He related that he had previously requested in Plaintiff's "Motion of Consideration of Service, and Address of Defendant" (Doc. 26) that the Court provide Plaintiff with Defendant Brisbois' address or order Corizon Health, Inc. to provide Defendant Brisbois' address, and the Court did not grant Plaintiff's request (Doc. 35 at 1). It is not the Court's role to assist in obtaining Defendant Brisbois' address. *See Bias v. Moynihan*, 508 F. 3d 1212, 1219 (9th Cir. 2007) ("A district court lacks the power to act as a party's lawyer, even for pro se litigants."); *Pliler v. Ford*, 542 U.S. 225, 231 (2004)( federal judges have no obligation to act as counsel or paralegal to pro se litigants")(italics in original); *Barnes v. United States*, 241 F.2d 252 (9th Cir. 1956)(noting pro se litigant does not have rights that a represented litigant does not have).

Plaintiff has not requested additional time to serve Defendant Brisbois, and the extended service deadline has passed. The Court has extended the time to serve for over a year. Where a prisoner fails to provide the USMS with accurate and sufficient information to effect service of the summons and complaint, a court's sua sponte dismissal of the unserved defendant is appropriate. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Sellers v. United States*, 902 F. 2d 598, 603 (7th Cir. 1990)), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995).

**IT IS ORDERED** that the Plaintiff show cause **NO LATER THAN SEPTEMBER 12, 2019** why Defendant Brisbois should not be dismissed from the lawsuit for failure to timely serve pursuant to Fed. R. Civ. P. 4(m).

Dated this 30th day of August, 2019.

Honorable Eileen S. Willett
United States Magistrate Judge